IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3103 |
| | ) | |
| v. | ) | AMENDED PRISONER PAYMENT |
| SGT. FROISLAND, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | ORDER on INITIAL REVIEW |
| | ) | and Motions |
| | ) | |

This matter is before the court on (1) filing no. 8, the Motion to Extend Time to Pay Filing Fee, filed by the plaintiff, Hector Gonzales, a prisoner; (2) filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint; and (3) the court's Order on Initial Review. Filing nos. 7 and 8 are granted, as discussed below.

**Amended Prisoner Payment Order**

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil plaintiff is required to pay the full amount of the court's $350 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis ("IFP").[1] A plaintiff usually must pay an initial partial filing fee in the amount of twenty (20) percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding submission of the complaint. However, in filing no. 8, the plaintiff reports that he has insufficient assets in his inmate trust account. If so, 28 U.S.C. § 1915(b)(4) states:

> In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

In such circumstances, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended, and "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F.

---

[1] THE "THREE STRIKES" RULE: If this action is later dismissed as frivolous, malicious, or for failure to state a claim, the dismissal may count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). That rule bars a prisoner from proceeding in forma pauperis in future complaints and appeals after three "strikes," unless the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Supp.2d 951, 957 n. 9 (D. Neb. 2001). Thus, payments of the initial partial filing fee shall be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account. Filing no. 8, the plaintiff's Motion to Extend Time to Pay Filing Fee, is granted accordingly.

## Amendment

Filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint, is granted. Fed. R. Civ. P. 15(a) grants the plaintiff a one-time opportunity to amend his complaint without leave of court if no responsive pleading has been filed by a defendant. After that, the plaintiff must seek leave of court. The Clerk of Court shall send the plaintiff the form for a civil complaint, and the plaintiff shall complete the form stating all of his claims against all of the defendants.

## Initial Review

In his complaint, the plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging excessive force by corrections officers, in violation of the Eighth Amendment to the U.S. Constitution. The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

In § IV of his complaint, the plaintiff appears to have sued the defendants in both their individual and official capacities. If so, he shall clarify that matter in the Amended Complaint. The plaintiff also appears to have asserted state-law claims of assault and battery. Again, if so, he shall indicate his intent in the Amended Complaint. The plaintiff may state in his Amended Complaint that he incorporates by reference the lengthy recitation of facts alleged in his initial complaint.

## PLRA

42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

## Service of Process

At this time, the plaintiff has named 20 defendants, 19 of whom are sued in their individual and official capacities.[2]  The Clerk of Court shall send the plaintiff 19 summons forms and 19 USM-285 forms for the defendants in their individual capacity.[3]  The Clerk of Court shall also send the plaintiff one more summons and one more USM-285 form for all of the defendants, collectively, in their official capacity.[4]

IT IS THEREFORE ORDERED:

1.   As initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants.  Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

---

[2]The remaining named defendant is "E.R.T.S." which appears to be a group of corrections officers who acted with force against the plaintiff.  "E.R.T.S." cannot be sued as a legal entity separate from the State of Nebraska or separate from its individual members, as E.R.T.S. does not have an independent legal existence recognizable in law.

[3]The plaintiff shall use one summons and one USM-285 form for each individual defendant in that person's individual capacity.

[4]When completing forms for service of process on the State of Nebraska, state agencies and/or state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part:  "(1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."  Thus, the 20th summons and USM-285 form may be addressed to "all defendants in their official capacity" c/o the Nebraska Attorney General's office at 2115 State Capitol, Lincoln, Nebraska 68509.

2. The Clerk of Court shall send 20 summons forms and 20 USM-285 forms to the plaintiff together with a copy of this Order.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign each summons and forward it with a copy of the operative complaint to the U.S. Marshal for service of process. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The court will copy the complaint for the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of that requirement, the plaintiff is granted, on the court's own motion, an extension of until 120 days from the date of this order to complete service of process. Failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future communication to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to all other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature**.

13. Filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint, is granted. The Clerk of Court shall send the plaintiff a form the plaintiff may use for a complaint. The plaintiff shall have 30 days from the date of this Order to file an Amended Complaint.

14. Filing no. 8, the plaintiff's Motion to Extend Time to Pay Filing Fee, is granted.

DATED this 23rd day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge