IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3103 |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN FROISLAND, Sg, BRIAN KIRKENDALL, Lt, UNKNOWN BOWMAN, Sgt, UNKNOWN SMITH, Corporal Officer, UNKNOWN SANFORD, Corporal Officer, LEA SWARTHOUT, Corporal Officer, UNKNOWN LEDUC, Case Manager, MICHELLE HILLMAN, Unit Manager, UNKNOWN SERNA, Corporal Officer, UNKNOWN HOLLEY, Sgt, UNKNOWN RUE, Case Worker, UNKNOWN BLOCK, Case Worker, UNKNOWN BEALEY, Corporal Officer, UNKNOWN MCKELLEP, Corporal Officer, UNKNOWN PFEILLY, Corporal Officer, UNKNOWN HERNANDEZ, Corporal Officer, E.R.T.S., UNKNOWN WILLIAMS, Doctor, CARRIE CROPP, RN., and UNKNOWN SIMON, Lt, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's Motion to Amend his Complaint (Filing No. 8), Motion to Appoint Counsel (Filing No. 11), and Motion to Transfer to Another Institution. (Filing No. 12).

**Motion to Amend and Motion to Transfer**

In the plaintiff's Motion to Amend he asks this court to send him new complaint forms to allow him to add an additional defendant. In the plaintiff's Motion for Transfer he asks this court to transfer him to a new Institution based on his claims that the staff at his current institution are contaminating his food. The court will grant the plaintiff leave to amend his complaint to include additional defendants and claims in accordance with these two motions. However, this court will not grant the plaintiff's motion for transfer to a new

institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (interstate prison transfer); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (intrastate transfer) (A prisoner has no constitutional right to be housed in any particular prison or to receive a particular classification).

**Motion to Appoint Counsel**

With respect to the plaintiff's motion for appointment of counsel, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained:

> 'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

(Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

**IT IS ORDERED:**

1. The plaintiff's Motion to Amend his Complaint (Filing No. 7) is granted. The Clerk of Court is directed to send the plaintiff a blank Complaint form at his last known address;

2. The Plaintiff's Motion to Appoint Counsel (Filing No. 11) is denied; and

3. The Plaintiff's Motion for Transfer (Filing No. 12) is denied.

DATED this 6TH day of June, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge