IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3103 |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN FROISLAND, et. al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Extend Time to Pay the Initial Partial Filing Fee (Filing No. 9), the plaintiff's Motions for Leave to Proceed In Forma Pauperis (IFP) (Filing Nos. 15 & 16), the plaintiff's Motion for Appointment of Counsel (Filing No. 17), and the plaitniff's Motion for Assistance (Filing No. 20).

**Motion to Extend Time**

In plaintiff's Motion to Extend Time, the plaintiff asks for an extension of time to pay his initial partial filing fee. This Court has already granted the plaintiff the relief requested in its Amended Prisoner Payment Order (Filing No. 10), therefore, the motion is denied as moot.

**Motions to Proceed In Forma Pauperis**

In filings no. 15 and 16 the plaintiff requests leave to proceed IFP. This court has already granted the plaintiff leave to proceed IFP in these proceedings. Therefore, these motions are denied as moot.

**Motion for Appointment of Counsel and Assistance**

Next, the plaintiff requests that this court appoint him counsel to represent him in this case. (Filing No. 17). As was explained to plaintiff in a previous Order, the court

cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained:

> 'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

(Citations omitted.) The Plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the Plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

Finally, with respect to the plaintiff's motion for assistance, the court has taken the information contained in this motion under advisement and no further ruling is necessary on this motion.

IT IS ORDERED:

1. That the plaintiff's motion for an extension of time (Filing 9) is denied as moot;

2. The plaintiff's motions for IFP (Filings No. 15 & 16) are denied as moot;

3. The plaintiff's Motion for Appointment of Counsel (Filing No. 17) is denied;

4. The plaintiff's Motion for Assistance (Filing No. 20) is taken under advisement.

DATED this 18th day of June, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge