IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR GONZALES, | ) | 4:07CV3103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN FROISLAND, Sgt, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on 16 separate pending motions. Plaintiff filed fifteen motions. (Fling Nos.65-73, 75, 77, 79, and 81-83.) Defendants Williams and Cropp filed a motion to dismiss and supporting brief. (Filing Nos. 53 and 54.)

**Plaintiff's Motion to Dismiss**

Plaintiff filed a Motion to Dismiss which seeks to voluntarily dismiss all Defendants except Defendant Unknown Froisland. (Filing No. 83.) No Defendant objects to this Motion and the time in which to do so has passed. The court will therefore grant Plaintiff's Motion to Dismiss.

**Defendants Williams' and Cropp's Motion to Dismiss**

Also pending before the court is a Motion to Dismiss filed on August 10, 2007 by Defendants Williams and Cropp. (Filing No. 53.) In response, Plaintiff filed four Motions for Opposition to Dismiss. (Filing Nos. 73, 75, 77, and 79.) Plaintiff's four Motions are identical, and the court construes them as one motion which was filed four times. Because the court granted Plaintiff's Motion to Dismiss Defendants

Cropp and Williams as set forth above, both Defendants' Motion to Dismiss and Plaintiff's Motions for Opposition to Dismiss are denied as moot.[1]

### Plaintiff's Motions to Proceed for Interpreter

Plaintiff filed four Motions to Proceed for Interpreter. (Filing Nos. 65-68.) The Motions appear to be identical, and the court construes them as one motion which was filed four times. Plaintiff requests that the court appoint an interpreter for him in this matter "pursuant to Rule 43" of the Federal Rules of Civil Procedure. (Filing No. 65 at CM/ECF p. 1.) Federal Rule of Civil Procedure 43 refers to the taking of testimony and section (f) of the rule gives the court discretion to appoint an interpreter for that purpose. Fed. R. Civ. P. 43(f).

Although Plaintiff states that Spanish is his "first language," he has filed the Complaint and more than 20 motions in this matter without the assistance of a court-appointed interpreter. In light of this, the court sees no need for an interpreter at this time and Plaintiff's Motions to Proceed for Interpreter are denied without prejudice to reassertion.

### Plaintiff's Motions for Transfer

Plaintiff also filed four Motions for Transfer. (Filing Nos. 69-72.) Again, the Motions appear to be identical, and the court construes them as one motion which was filed four times. In his Motions, Plaintiff requests that the court transfer him out of the Tecumseh State Correctional Institution because his food is being contaminated. (Filing No. 69 at CM/ECF p. 1.) Plaintiff states that he "will not eat" until he is transferred to the Nebraska State Penitentiary or the Lincoln Correctional Center. (*Id.*)

---

[1]Defendants Williams and Cropp did not oppose Plaintiff's Motion to Dismiss.

A prisoner has no constitutional right to be housed in any particular prison or to receive a particular classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (interstate prison transfer); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that prisoners do not have a federally protected right to a particular security classification or entitlement to eligibility for rehabilitative programs when such decisions are in the discretion of prison officials).

The court cannot, and will not, order the transfer of Plaintiff to another facility. Plaintiff's Motions for Transfer are denied. However, Plaintiff's statements regarding a "hunger strike" should be taken seriously and investigated by Defendants.

**Plaintiff's Discovery Motions and Remaining Defendant**

Plaintiff also filed a Motion for Subpoena and Copy of Local Rules (filing no. 81) and a Motion for Discovery (filing no. 82). Plaintiff seeks to proceed with discovery and requests that the Clerk of the court send him subpoena forms and a copy of the local rules of this court. Plaintiff is proceeding in forma pauperis. (Filing No. 10.)

The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973). It is the court's understanding that the law library at the Tecumseh State Correctional Institution has a copy of the court's local rules for use by Plaintiff. If the court's understanding is incorrect, Plaintiff shall

inform the court and a copy of the local rules will be provided at no charge to the law library. If Plaintiff requires copies of court documents, including a personal copy of the local rules, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motion for Subpoena and Copy of Local Rules is therefore denied.

Regarding Plaintiff's Motion for Discovery, the court notes that only one Defendant, Unknown Sgt. Froisland, remains in this case. A summons for Defendant Froisland was issued on June 14, 2007, but was returned as "unexecuted" on June 28, 2007. (Filing Nos. 21 and 30.) The unexecuted summons form notes that "subject [is] no longer with NDC." (Filing No. 30 at CM/ECF p. 1.) Plaintiff has taken no other steps to serve Defendant Froisland.

Therefore, Plaintiff's Motion for Discovery is granted for the limited purpose of determining Defendant Froisland's first name, last known address, current place of employment, and other information which may be helpful to Plaintiff in effecting service of process on Defendant Froisland. On the court's own motion, Plaintiff is permitted an additional 90 days in which to conduct this discovery and serve Defendant Froisland with summons in his individual and official capacities. Because the only remaining Defendant has not yet been served, no other discovery shall be taken at this time.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Motion to Dismiss (filing no. 83) is granted. Defendants Brian Kirkendall, Unknown Bowman, Unknown Sanford, Lea Swarthout, Unknown LeDuc, Michelle Hillman, Unknown Serna, Unknown Holley, Unknown Rue, Unknown Block, Unknown Bealey, Unknown McKellep, Unknown Pfeilly, Unknown Hernandez, Unknown Williams, M.D., Carrie Cropp, Unknown Simon, Unknown Woodyard, and Aaron Smith are dismissed from this matter without prejudice.

      2.      Defendants' Carrie Cropp and Unknown Williams, M.D.'s Motion to Dismiss (filing no. 53) is denied as moot.

      3.      Plaintiff's Motions for Opposition to Dismiss (filing nos. 73, 75, 77, and 79) are denied as moot.

      4.      Plaintiff's Motions to Proceed for Interpreter (filing nos. 65-68) are denied without prejudice to reassertion.

      5.      Plaintiff's Motions for Transfer (filing nos. 69-72) are denied.

      6.      Plaintiff's Motion for Subpoena and Copy of Local Rules (filing no. 81) is denied.

      7.      Plaintiff's Motion for Discovery (filing no. 82) is granted for the limited purpose of determining the remaining Defendant, Sgt. Unknown Froisland's first name, last known address, current place of employment, and other information which may be helpful to Plaintiff in effecting service of process on Defendant Froisland.

      8.      Plaintiff shall have an additional 90 days in which to conduct limited discovery as set forth above, and to effect service of process on Defendant Unknown Froisland.

      9.      To obtain service of process on Defendant Froisland, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms (for service on Defendant Froisland in both his individual and official capacities) to Plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

10. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

11. Plaintiff is hereby notified that failure to obtain service of process on Defendant Froisland within 90 days of the date of this order will result in dismissal of this matter without further notice. Defendant Froisland has twenty (20) days after receipt of the summons to answer or otherwise respond to the Complaint.

12. The Clerk of the court is directed to send to Plaintiff a copy of the unexecuted summons for Defendant Froisland. (Filing No. 30.)

13. The Clerk of the court is directed to set a pro se case management deadline with the following text: May 5, 2008: check for service on remaining Defendant Unknown Froisland.

February 5, 2008.                   BY THE COURT:


                                    s/ Joseph F. Bataillon
                                    Chief United States District Judge